

**ORDERED in the Southern District of Florida on December 11, 2012.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Garfield Stoney and Patricia Stoney

Case No: 12-29822-BKC-RBR
Chapter 13

_____ Debtor. _____/

### AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CITIBANK N.A.

THIS CASE was scheduled to be heard on <u>December 13, 2012 at 1:00 p.m.</u> on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by CitiBank N.A.* (D.E. #<u>28</u>; the "Motion"). The Court having noted the parties have reached an agreement it is as follows:

    A.    The value of the debtor's real property (the "Real Property") located at <u>6971 S.W. 5th Street, Pembroke Pines, Florida 33023</u>, and more particularly described as

> Lot 8, Block 5, of Boulevard Heights Section Ten,
> According to the Plat Thereof Recorded in Plat
> Book 51, Page 15, of the Public Records of
> Broward County, Florida.

is $ 95,000.00       at the time of the filing of this case.

B. CitiBank N.A. (the "Lender") holds the first mortgage lien on the real property securing its claim in the amount of $95,000.00

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender, Citi Bank N.A., is $95,000.00 and Lender, CitiBank N.A., has a secured claim in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender, CitiBank N.A. has an allowed secured claim in the amount of $ 95,000.00  for the mortgage recorded on June 12, 2007    at OR BOOK  44171   Page 957  of the official records of Broward    County, Florida to be paid at 5.25% over 60 months for a total of $102,422.00. This total amount is subject to change if the number of months paid is less than 60 months.

3. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    _X_ Lender filed a proof of claim [POC #8-1] in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of

        $ __132,613.35__ , regardless of the original classification in the proof of claim as filed.

4. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

6. Upon discharge and payment of the reduced secured amount, the mortgage shall be deemed satisfied.

7. After entry of this Order the Debtor shall be responsible for direct payment of Taxes and insurance. The Debtor shall maintain insurance upon the real property and Lender shall remain a named loss payee and/or additional insured. The Debtor shall provide proof of such payment of taxes and insurance to Lender within fifteen (15) days of payment of same or on request of the Creditor. The Lender is specifically authorized to contact the Debtor in writing to request proof of insurance and proof of payment of taxes. Failure to provide such proof would be grounds for the Lender to request the case to be dismissed by motion.

8. A copy of this Order shall not be recorder in public records until the Debtor (or both Debtors in a joint case) have received a Chapter 13 Discharge.

9. In the event this case is dismissed or converted by te Debtor to another Chapter of the Bankruptcy Code prior to the conclusion of the Plan then the mortgage lien of the Creditor shall be deemed reinstated and the Court Order valuing the Property shall be null and void.

10. No sale of the Property shall occur free and clear of Creditor's lien while the bankruptcy case is pending as 11U.S.C. Section 1325(a)(5) provides that the lien be retained on the Property until the Creditor's claim is paid in full or until the Debtor(s) receive a Discharge.

### #

Submitted By:
Lydia C. Quesada, Esq.
Adams and Associates, P.A.
Attorneys for the Debtors
1165 W. 49th Street, Suite 107
Hialeah, FL 33012
Tel: (305) 824-9800
Fax: (305) 824-3868

Attorney ___Lydia C. Quesada___ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.