

**ORDERED in the Southern District of Florida on December 17, 2012.**

Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                 Case No: 12-29822-BKC-RBR
                                                                       Chapter 13
Garfield Stoney and Patricia Stoney,

_____Debtors._____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANKUNITED, N.A.**

THIS CASE came to be heard on December 13, 2012 at 1:00 p.m on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 25; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 9341 E. Heather Lane, Miramar, Florida 33025, and more particularly described as

Lot 4, Block 5, Meadows of Miramar Phase 1,

According to the Plat Thereof Recorded in Plat

Book 106, Page 10, of the Public Records of

Broward County, Florida.  Tax Folio # 1129-04-01800.

is $ <u>78,979.11</u> (comprised of $75,000.00 agreed value of the property plus $3,979.11 for escrow advances for taxes, hazard insurance, and flood insurance) at the time of the filing of this case.

  B. The total of all claims secured by liens on the Real Property senior to the lien of ___<u>BankUnited, N.A.</u>___ (the "Lender") is $ <u>0.00</u>.

  C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $78,979.11 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ <u>78,979.11</u>.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on ___(date)___ at OR BOOK _____ Page _____ of the official records of _____ County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    _X_ Lender filed a proof of claim in this case (POC 5-1). It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $97,638.56, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Lydia C. Quesada, Esq.

Attorney Quesada is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.